RODRÍGUEZ, ET AL., RECURRENTES, v. EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando en parte la inscripción de una finca.

No. 400.—Resuelto en marzo 24, 1919.

TESTAMENTO—TERCIO DE LIBRE DISPOSICIÓN—VOLUNTAD DEL TESTADOR—INTERPRETACIÓN—TRIBUNALES DE JUSTICIA—HEREDEROS FORZOSOS—INSCRIPCIÓN.—Cuando los términos de un testamento no permiten conocer la verdadera voluntad del testador con respecto al tercio de libre disposición de sus bienes, no procede la inscripción de éstos en su totalidad a favor de los herederos forzosos, pues mientras la duda existente no se aclare por los tribunales de justicia o por conformidad de todos los interesados, no puede apreciarse cuál sea la verdadera extensión del derecho de esos herederos respecto de dicha tercera parte, requisito necesario para que pueda verificarse su inscripción, con arreglo a lo establecido en los artículos 9 y 30 de la Ley Hipotecaria y 77 de su Reglamento.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Juan de Guzmán Benítez.*

El registrador recurrido, Sr. Rafael Tirado Verrier, compareció por escrito en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Prudencia Flores Castro falleció en 19 de mayo de 1918 bajo testamento ológrafo que otorgó en 10 de julio de 1915, el que fué declarado suficientemente autentificado por resolución de la Corte de Distrito de San Juan, Sección Segunda, de 6 de junio de 1918.

En dicho testamento, cláusula 2ª., declaró la testadora que era viuda de Ramón Rodríguez García con quien había procreado tres hijos nombrados Ramón, Monserrate y Prudencia, de los cuales los dos primeros vivían y la tercera o sea Prudencia había muerto en estado de soltería. Las cláusulas

6ª. y 7ª, para mejor conocimiento del caso, deben ser conocidas en su texto literal, y dicen así:

"*Sesto*.—Declaro como última voluntad de mi hija Prudita que el tersio de lo que le correspondía a ella sele ajudique a la Sta. Carmen García Rivera, hija de D. Ulises García Salgado y Da. Magdalena Rivera como haijada de ella y de Ramón y en compensación de sus buenos comportamiento y asistencia en sus enfermedades.

"*Sétimo*.—Haconsejo a mis únicos dos hijos que herederos de mis bienes con derechos y aciones amis dos hijos sitados que sean unidos y los difruten a entera satifacción asi lo desea su madre que los vendise y firma en el pueblo de Rio Piedras en donde reside actualmente.    Julio 10 de 1915.—Prudencia Flores Vda. de Rodríguez."

Presentada copia del testamento en cuestión en unión de otros documentos al Registrador de la Propiedad de San Juan, Sección Primera, por el abogado Juan Guzmán Benítez a nombre de Ramón y Monserrate Rodríguez Flores para que fuera inscrita en el registro a nombre de éstos por mitad en condominio proindiviso cierta finca radicada en la jurisdicción de Río Piedras que ya lo estaba a favor de su causante la testadora Prudencia Flores Castro, dicho registrador verificó la inscripción solicitada en cuanto a dos terceras partes de la finca y la denegó en cuanto a la otra tercera parte por medio de nota que dice así:

"Inscrito el precedente documento con vista de otros en cuanto a dos terceras partes indivisas de una finca radicada en los barrios de Cupey y Guaracanal, término de Río Piedras, al folio 249, tomo 34, de ese pueblo, finca número 574, Duplicado, inscripción 6ª., referente a la legítima de los herederos, y denegada la inscripción en cuanto a la tercera parte restante de libre disposición, tomando en su lugar anotación preventiva por término legal en el mismo asiento, por los motivos siguientes: 1º. Que por los términos vagos y poco precisos en que está redactada en el testamento la cláusula 6ª. resulta dudoso si la testadora establece o no, bien un legado remuneratorio o bien una institución de heredero voluntario, en favor de doña Carmen García Rivera, cuya disposición se estima imputable al tercio de libre disposición de la causante doña Prudencia Flores

Castro, y no contrario a la extensión de la legítima, no siendo sin embargo de la incumbencia de esta oficina decidir si dicha cláusula tiene o no validez; 2º. que habiendo dejado la testadora dos hijos legítimos, constituyen según la ley la herencia de éstos, dos terceras partes por concepto de legítima, cuya porción, como antes se ha indicado, no se entiende perjudicada por la disposición de la cláusula sexta de referencia; 3º. que por la existencia de tal cláusula, a favor de doña Carmen García Rivera, no puede determinarse si el tercio de libre disposición de la causante pertenece a sus dos hijos instituídos herederos o a estos mismos en unión de la doña Carmen García Rivera; 4º. que habiéndose solicitado la inscripción de toda la finca a favor de dichos dos herederos sin reservar derecho alguno a favor de la otra persona citada que puede ser interesada en el testamento, y sin que ésta haya renunciado tal derecho ni comparecido, no es posible verificar tal inscripción en totalidad, faltando la conformidad de todos, hasta tanto dicho testamento no sea aclarado por los tribunales en la forma que corresponde. Se han practicado tales operaciones con arreglo a lo resuelto por el Hon. Tribunal Supremo de Puerto Rico en el tomo 3º. página 490—y tomo 24, página 753, y también al artículo 755 del Código Civil—siendo el asiento extendido, a favor de los dos hijos de la testadora. San Juan, 31 de enero de 1919.—El registrador, Rafael Tirado Verrier.''

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto.

Examinadas las cláusulas transcritas del testamento ológrafo de Prudencia Flores Castro en relación con la inscripción de la totalidad de la finca de que se trata a favor de sus hijos legítimos Ramón y Monserrate Rodríguez Flores, no aparece claro el derecho de éstos a la tercera parte de dicha finca pues el texto de la cláusula 6ª. del testamento no permite conocer sin duda alguna la verdadera voluntad de la testadora con respecto al tercio de libre disposición de sus bienes; y mientras esa duda no se aclare por los tribunales de justicia o por conformidad de las partes interesadas, no cabe apreciar cuál sea la extensión del derecho de que se creen asistidos los mencionados herederos con relación a la tercera parte de la finca cuya inscripción ha sido denegada, requisito necesario para que pueda verificarse dicha inscrip-

ción, con arreglo a lo establecido en los artículos 9 y 30 de la Ley Hipotecaria y 77 de su Reglamento.

Por las razones expuestas es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.